UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03- 81173-CIV-DIMITROULEAS

ELAINE L. CHAO
Secretary of Labor,
United States Department of Labor,

    Plaintiff,

vs.

DOMINIC POLIMENI; CHRISTOPHER
POLIMENI; and the QUESTRON
TECHNOLOGY PLAN,

    Defendants.

**ANSWER OF DEFENDANTS
DOMINIC POLIMENI AND
CHRISTOPHER POLIMENI**

NIGHT
FILED
MAY 28 2004
CLARENCE MADDOX
CLERK, USDC/SDFL



    Defendants Dominic Polimeni and Christopher Polimeni (collectively, the "Polimenis"), by and through their attorneys, answer the complaint ("Complaint") of plaintiff Secretary of Labor ("DOL") as follows:

    The Polimenis deny each and every allegation in the Complaint, except as specifically herein admitted, qualified or otherwise answered. The Polimenis deny any allegations contained in headings or unnumbered paragraphs in the Complaint.

### JURISDICTION AND VENUE

    (1)    The Polimenis admit that plaintiff contends in paragraph I of the Complaint that this Court has jurisdiction over this action pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1).

    (2)    Paragraph II is a purported legal conclusion that does not require a response from the Polimenis.

(3)     The Polimenis admit that plaintiff contends in paragraph III of the Complaint that venue is proper in this Court pursuant to 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(2).

## **GENERAL ALLEGATIONS**

(4)     Dominic Polimeni admits that prior to May 3, 2002 he was the Chairman and Chief Executive Officer of Questron Technology. Dominic Polimeni denies the remaining allegations of paragraph IV(1) of the Complaint.

(5)     Christopher Polimeni admits that prior to May 3, 2002 he was the controller of Questron Technology. Christopher Polimeni denies the remaining allegations of paragraph IV(2) of the Complaint.

(6)     Paragraph IV(A) is a purported legal conclusion that does not require a response from the Polimenis. To the extent that a response is deemed necessary, the Polimenis deny the allegations of paragraph IV(A) of the Complaint.

(7)     The allegations of paragraph IV(A)(1) of the Complaint are not addressed to the Polimenis and are a purported legal conclusion that does not require a response from the Polimenis. To the extent that a response is deemed necessary, the Polimenis answer as follows: The Polimenis are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph IV(A)(1) of the Complaint.

(8)     The allegations of paragraph IV(A)(2) of the Complaint are not addressed to the Polimenis and are a purported legal conclusion that does not require a response from the Polimenis. To the extent that a response is deemed necessary, the Polimenis answer as follows:

The Polimenis are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph IV(A)(2) of the Complaint.

(9)     Dominic Polimeni admits that prior to May 3, 2002 he was the Chairman and Chief Executive Officer of Questron Technology. The remainder of paragraph IV(A)(3) is a purported legal conclusion that does not require a response from Dominic Polimeni. To the extent that any other response is deemed necessary, Dominic Polimeni denies the allegations of paragraph IV(A)(3) of the Complaint.

(10)    Christopher Polimeni admits that prior to May 3, 2002 he was the controller of Questron Technology. The remainder of paragraph IV(A)(4) is a purported legal conclusion that does not require a response from Christopher Polimeni. To the extent that a response is deemed necessary, Christopher Polimeni denies the allegations of paragraph IV(A)(4) of the Complaint.

(11)    The allegations of paragraph IV(B) of the Complaint do not relate to any cause of action asserted against the Polimenis, and require no response from the Polimenis. To the extent that a response is deemed necessary, the Polimenis answer as follows: The Polimenis are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph IV(B) of the Complaint.

(12)    The Polimenis admit the allegations contained in paragraph V(A) of the Complaint.

(13)     The Polimenis admit only that Quest Electronic Hardware changed its name to Questron Distribution Logistics, Inc. in July of 1998. The Polimenis deny the remaining allegations of paragraph V(B) of the Complaint

(14)     Dominic Polimeni admits only that prior to May 3, 2002 he was the Chairman and Chief Executive Officer of Questron Technology and a resident of Boca Raton, Florida. Dominic Polimeni denies the remaining allegations of paragraph V(C) of the Complaint.

(15)     Christopher Polimeni admits only that prior to May 3, 2002 he was the controller for Questron Technology and a resident of Boca Raton, Florida. Christopher Polimeni denies the remaining allegations of paragraph V(D) of the Complaint.

(16)     The Polimenis admit the allegations contained in paragraph V(E) of the Complaint.

(17)     The Polimenis admit the allegations contained in paragraph V(F) of the Complaint.

(18)     The Polimenis are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph V(G) of the Complaint.

(19)     The Polimenis are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph V(H) of the Complaint.

(20)     The Polimenis are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph V(I) of the Complaint.

(21)    The Polimenis are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph V(J) of the Complaint.

(22)    The Polimenis deny the allegations contained in paragraph VI(A) of the Complaint.

(23)    The Polimenis deny the allegations contained in paragraph VI(B) of the Complaint.

(24)    The Polimenis deny the allegations contained in paragraph VI(C) of the Complaint.

(25)    The Polimenis deny the allegations contained in paragraph VII(A) of the Complaint.

(26)    The Polimenis deny the allegations contained in paragraph VII(B) of the Complaint.

(27)    The Polimenis deny the allegations contained in paragraph VII(C) of the Complaint.

(28)    The Polimenis deny the allegations contained in paragraph VII(D) of the Complaint.

(29)    The Polimenis deny the allegations contained in paragraph VII(E) of the Complaint.

(30) The Polimenis deny the allegations contained in paragraph VII(F) of the Complaint.

(31) The Polimenis deny the allegations contained in paragraph VII(G) of the Complaint.

(32) The Polimenis deny the allegations contained in paragraph VII(H) of the Complaint.

(33) The Polimenis deny the allegations contained in paragraph VII(I) of the Complaint.

## PRAYER FOR RELIEF

The Polimenis deny that the DOL is entitled to any of the relief prayed for against the Polimenis in the Complaint's prayer for relief, including its paragraphs A through H.

## DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Some or all of the DOL's claims against the Polimenis are barred because the DOL has no recoverable damages.

### Third Defense

Some or all of the DOL's claims against the Polimenis should be dismissed because the DOL has failed to join all proper parties needed for the just adjudication of this suit.

### Fourth Defense

The Complaint fails to state facts sufficient to entitle plaintiffs to an award of lost earnings and lost opportunity cost damages.

### Fifth Defense

The Polimenis are entitled to indemnification from Questron Technology and/or its affiliates and successors. Therefore, the Polimenis are not the appropriate parties in interest in this action.

### Sixth Defense

This action and the claims alleged therein are stayed pursuant to section 362 of title 11, United States Code (the "Bankruptcy Code"). As a result of the automatic stay and in compliance with the Bankruptcy Code, the Polimenis have refrained from filing and serving third-party claims against Questron Technology and its affiliates and successors and the bankruptcy trustee.

### Seventh Defense

To the extent that the laws of other jurisdictions apply, the Polimenis invoke each and every constitutional, statutory and common law defense available under the laws of the applicable jurisdictions.

### Eighth Defense

To the extent that discovery reveals additional defenses, the Polimenis reserve the right to amend this answer and assert such defenses.

WHEREFORE, the Polimenis respectfully pray for the following relief:

(1)     For judgment in favor of the Polimenis and against the DOL,

(2)   Alternatively, that the DOL take nothing by way of the Complaint and that the same be dismissed with prejudice,

(3)   For costs of suit,

(4)   For reasonable attorneys' fees as allowed by law,

(5)   For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

The Polimenis request a trial by jury of all claims triable as of right by jury.

Dated: May 28, 2004.

Respectfully submitted,

PAUL JOSEPH. MCMAHON, P.A.
The Wiseheart Building
2840 S.W. Third Avenue
Miami, Florida 33129
(305) 285-1222

PAUL JOSEPH McMAHON
Florida Bar No. 204552

-and-

David S. Rosner
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway, New York, New York, 10019
Phone: (212)506-1700
Fax: (212)506-1800

Attorneys for Dominic
  and Christopher Polimeni

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was mailed this 1st day of June, 2004, to:

Julie Lieberman
Office of the Solicitor
United States Department of Labor
61 Forsyth Street, SW Room 7T10
Atlanta, GA 30303

Attorneys for plaintiff Secretary of Labor,
    United States Department of Labor

_____
PAUL JOSEPH McMAHON